UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

DJON BORIS TANOUIE, a/k/a Randolph
Ricardo Smelley, a/k/a Jean Boris
Koffi,

           *Defendant-Appellant.*

No. 02-4068

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-01-354-A)

Submitted: June 21, 2002

Decided: August 5, 2002

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Paul J. McNulty, United States Attorney, Martha McIn-
tosh, Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Following a jury trial, Djon Boris Tanouie was convicted on one count of making a false statement on a passport application, in violation of 18 U.S.C.A. § 1542 (West 2000), and one count of possession of a false identification document with intent to defraud the United States, in violation of 18 U.S.C.A. § 1028(a)(4) (West 2000). Tanouie appeals, raising claims of improperly admitted evidence, insufficiency of the evidence, and prosecutorial misconduct. Finding no merit to his claims, we affirm.

I.

Tanouie argues that the district court erred by admitting evidence that he had used phony identification documents that were not the subject of his prosecution, in violation of Rule 404(b) of the Federal Rules of Evidence. Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Evidence of prior acts is admissible under Rules 404(b) and 403 of the Federal Rules of Evidence if the evidence is: (1) relevant to an issue other than the general character of the defendant; (2) necessary; and (3) reliable. Further, the probative value of the evidence must not be substantially outweighed by its prejudicial value. *Id.* at 997.

Here, the false identification documents were very similar to the false identification documents and passport application that were the subject of the prosecution and hence were relevant. Furthermore, these documents were necessary to establish Tanouie's identity, his plan to obtain a false passport, and his intent to defraud the govern-

ment. We find that these documents, kept in the course of the business of the Virginia Department of Motor Vehicles ("DMV") and bearing a raised seal, were also reliable. *See Queen*, 132 F.3d at 997. Finally, any danger of unfair prejudice from the evidence of prior acts was lessened by the court's limiting jury instruction. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (jurors are presumed to follow court's instructions). We therefore conclude that the district court did not abuse its discretion in admitting the Rule 404(b) evidence.

## II.

Tanouie contends that the evidence was insufficient to support his convictions because there was no direct evidence that he submitted the phony passport application. Rather than argue that the government failed to prove any of the basic elements of the crimes of conviction, Tanouie argues merely that the prosecution failed to show that he was the individual who committed the crimes.

Evidence presented at trial concerning the procedures for obtaining a passport or a driver's license or a DMV identification card established that an applicant must appear in person to obtain such documents. The passport acceptance agent must compare the photographs submitted with an application to the person submitting them to ensure that they are the same person. The photograph of an applicant for a driver's license or identification card is taken at the time of the application. A witness testified that the photographs on all the phony documents matched Tanouie, and the jurors were able to make their own comparisons. Viewing this evidence in the light most favorable to the government, we find that the evidence was sufficient to support the jury's conclusion that Tanouie committed the crimes. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

## III.

Tanouie's final claim on appeal asserts that the prosecutor's remarks during the rebuttal portion of the government's closing argument improperly implied a shift of the burden of proof to the defense. We find that the prosecution's statements were not improper and did not infer that the burden of proof shifted to the defense. *See United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999) (discussing stan-

dard for prosecutorial misconduct). Moreover, even if the remarks had been improper, any error was harmless because the district court gave explicit instructions that the burden of proof is always on the government and that the burden never shifts to the defendant. *See United States v. Harrison*, 716 F.2d 1050, 1053 (4th Cir. 1983).

## IV.

For these reasons, we affirm Tanouie's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*